IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REBECCA E. SCHROEDER                                          PLAINTIFF

VERSUS                                                   CAUSE NO. 1:25cv93 LG-RPM

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES            DEFENDANT

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for race discrimination in violation of the Civil Rights Act of 1964. The following facts support this action:

1.

Plaintiff REBECCA E. SCHROEDER is an adult white resident citizen of 1011 27th Street, Gulfport, Mississippi 38866.

2.

Defendant MISSISSIPPI DEPARTMENT OF HUMAN SERVICES is a division of the the State of Mississippi. Defendant may be served with process by service upon the Attorney General of the State of Mississippi, Lynn Fitch, 550 High Street, Jackson, Mississippi 39201 and upon the Executive Director of Defendant, Bob Anderson, 200 South Lamar Street, Jackson, Mississippi 39201.

3.

This Court has federal question jurisdiction under 28 U.S.C. §1331, and civil rights jurisdiction under 28 U.S.C. §1343, to address a claim made under the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

4.

Plaintiff, a white person, was employed by Defendant Mississippi Department of Human Services for over thirteen (13) years. Plaintiff was rapidly promoted through the ranks, from Eligibility Worker I, Eligibility Worker II, Case Manager, Supervisor, Regional Program Manager, State Program Manager, Special Projects Officer, IV (Training Coordinator for the State), County Director-Harrison County and Regional Director of 6 coastal counties.

5.

In approximately July 2023, Plaintiff applied for the position of Regional Director. The interviewers for the position were Shenetta Drone (black female), Deputy Executor Director of the Mississippi Department of Human Services; Kristi Kinnel (black female), Economic Assistance Eligibility Director; and a white male from another department. The persons interviewed were Plaintiff (white), Denise Henderson (black), and Ziva Fox (black).

6.

Plaintiff was the best qualified candidate because of her extensive experience in higher level positions in the Mississippi Department of Human Services. Ziva Fox had more longevity, but due to a lack of skill, she worked mostly in lower level jobs. The interviewers voted to hire Plaintiff for the position. However, Plaintiff learned that Kristi Kinnel, one of the three (3) interviewers, actually opposed Plaintiff, and wanted Fox in the position. Kinnel (black) wanted Ziva Fox (black) in that

position only because Fox is black. Race was the exclusive reason why Kinnel preferred Fox. Plaintiff was better qualified for the position than was Fox. Despite her longevity, Fox had never moved up in the agency until Kinnel had given her a higher level position during the latter part of Fox's employment. Kinnel had been known for discriminating against white persons.

7.

Shenetta Drone (black) gave Plaintiff counseling about taking the position, saying that she was an at will employee, and that Kinnel would be her immediate supervisor and could affect her job. Despite the warning, Plaintiff could not afford to forego the substantial pay raise that she was being offered and accepted the position as Regional Director.

8.

A formal announcement promoting Plaintiff to Regional Director was made on December 5, 2023, with an effective date of December 1, 2023.

9.

Drone's warning to Plaintiff proved to be prophetic. On January 26, 2024, Executive Director Robert G. Anderson wrote Plaintiff informing her that she was terminated. No reasons were assigned. The Letter of Termination is dated January 26, 2024. A copy of this termination notice is attached as Exhibit "A".

10.

Robert Anderson had expressed to Plaintiff during his interview that Plaintiff appeared to be highly qualified. Anderson never retracted this opinion, nor had he ever indicated any problem with Plaintiff's job performance. Anderson could have gotten his information causing him to fire Plaintiff from only Kristi Kinnel, who, because of racial prejudice, did not want Plaintiff to have the position

in the first place. Kinnel would have requested Plaintiff's firing to the Human Resource Department, which would have then forwarded that information through counsel, to Anderson. Anderson wrote the letter of termination without any knowledge of poor performance by Plaintiff and simply because Kinnel wanted Plaintiff fired so as to move Fox into the position.

11.

After Plaintiff filed her EEOC charge, attached hereto as Exhibit "B," Defendant wrote a "position statement" opposing the charge. In this position statement, Defendant gave its reasons for the discharge which were baseless and pretextual. The reasons given were:

A. Defendant claimed that Plaintiff had conducted a formal disciplinary action (suspension with pay) in a manner that was contrary to Kinnel's instructions as to how it should have been done. In fact, Plaintiff, had performed a formal disciplinary action, "and had as County Director" always conducted them in the same manner. Defendant falsely claimed that Plaintiff had disregarded Kinnel's instructions as to how to conduct the formal disciplinary action. In fact, Plaintiff disregarded no instruction given by Kinnel and did the formal disciplinary action correctly. The claim that Plaintiff did not conduct the formal disciplinary action in an appropriate fashion is false and pretextual. Further, the responsibility of conducting this formal disciplinary action was actually that of Fox, the Acting County Director of Hancock County and appointed to this position by Kinnel, and it is likely Kinnel assigned the Plaintiff to do conduct the formal disciplinary action, in order to find something wrong with Plaintiff's work.

B. The Defendant claimed that Plaintiff's termination was because Plaintiff had falsely stated that Harrison County was having computer problems which accounted for work being done late. In fact, Harrison County has long had computer problems, but they are not in any way the fault of Plaintiff, nor has Plaintiff ever falsely described the computer problem. In reality, the computers are serviced by the State, and difficulties in the computer system are not the responsibility of Plaintiff.

12.

Kinnel knew at the time that she caused Plaintiff's termination, that in Plaintiff's absence, the person who performed second best in the interviews for the Regional Director position would get the job. Therefore, when Plaintiff was fired, she was immediately replaced with Fox, a black person.

13.

But for Plaintiff's race (white) she would not have been discharged. Alternatively, Plaintiff's race (white) was a motivating factor in her discharge.

14.

The reasons given for Plaintiff' discharge were false and pretextual. Additionally, race is the more likely reason for the discharge.

15.

At Plaintiff's age (65), it has been impossible for her to find employment in any comparable position.

16.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "B," and which is incorporated herein, and received the right to sue letter, attached hereto as Exhibit "C."

17.

Plaintiff has suffered lost income and mental anxiety and stress. Plaintiff is entitled to reinstatement, and to damages for mental anxiety and stress.

## REQUEST FOR RELIEF

Plaintiff requests actual damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 28th day of March, 2025.

                REBECCA E. SCHROEDER, Plaintiff

By:   */s/ Jim Waide*
      Jim Waide, MS Bar No. 6857
      waide@waidelaw.com
      Rachel Waide Pierce, MS Bar No. 100420
      rpierce@waidelaw.com
      Yance Falkner, MS Bar No. 106107
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS 38804-3955
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

      ATTORNEY FOR PLAINTIFF

## AFFIDAVIT

I, Rebecca E. Schroeder, declare under the penalty of perjury that the above and foregoing facts are true and correct as therein stated.

EXECUTED on this the 24th day of February, 2025.

*Rebecca E. Schroeder*
Rebecca E. Schroeder